

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### OFFICE OF THE CLERK

| | |
|---|---|
| **David A. O'Toole** | 211 West Ferguson |
| Clerk of Clerk | Tyler, TX 75702 |

**October 28, 2021**

**Jay Brett Johnson**
Kizzia & Johnson PLLC
1910 Pacific Ave, Suite 1300
Dallas, TX 75201

**Jennifer Haltom Doan**
Haltom & Doan
6500 Summerhill Road
Crown Executive Center Suite 100
P O Box 6227
Texarkana, Tx 75505

             In re: Finnavations, LLC v. JPMorgan Chase Bank,
             National Association; 2:15-CV-490

Dear Counsel and Parties,

   The above-mentioned case was previously assigned to Chief Judge Rodney Gilstrap.

   Chief Judge Gilstrap informed me that it has been brought to his attention that, while the case was assigned to him, a trust in which his spouse has an interest held stock in JP Morgan Chase Co. The trust's ownership of stock neither affected nor impacted Chief Judge Gilstrap's decisions, if he in fact made any decisions, in this case. However, the trust's stock ownership may have required recusal under the Code of Conduct for United States Judges, and thus, Chief Judge Gilstrap directed that I notify the parties.

   Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Chief Judge Gilstrap's disclosures regarding this case. Should you wish to respond, please submit your response within the next 30 days. Any response will be considered by another judge of this court without the participation of Chief Judge Gilstrap.

Sincerely,

*David A. O'Toole*

David A. O'Toole
Clerk of Court